FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUZANNE M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-0249-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Timothy W. Anderson represents Suzanne M. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for an immediate award of benefits.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in February 2017, alleging disability since January 1, 2015, due

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

to "Ankle, left side, bipolar, hips, anxiety; Depression; PTSD; Migraines; High blood pressure; Back problems, bulging discs; Bipolar; Anxiety; Left side numb, narrow carotid artery; Hip problems; Left ankle, all metal plates, screws, pins." Tr. 184, 188, 232-233. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) M. J. Adams held a hearing on September 18, 2018, Tr. 38-67, and issued a partially favorable decision on May 30, 2019, Tr. 17-33. The Appeals Council denied Plaintiff's request for review on May 12, 2020. Tr. 1-6. The ALJ's May 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 13, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on October 31, 1963, and was 53 years old on the disability application date, February 3, 2017. Tr. 260. She obtained her GED in 1985, Tr. 43, 233, and has past work as a parts manager, auto parts clerk, accounting clerk, fertilizer servicer, and service advisor, Tr. 59-60.

Plaintiff testified at the administrative hearing held on September 18, 2018, that she last worked in 2013 or 2014 delivering newspapers and stopped working because her car needed repairs and she was not making enough money from the job. Tr. 44. She stated she had a breakdown, was depressed and became immobile. Tr. 47-48. Plaintiff indicated she has been in treatment for her mental condition, Tr. 48, had improved "to a degree," Tr. 48, and hoped the mental health treatment would help her find a way to get back into the workforce, Tr. 52. Plaintiff testified that in addition to mental impairments, she experienced severe migraine headaches and had issues with her feet and back. Tr. 65. Plaintiff's disability report indicates she stopped working on January 1, 2015 because of her conditions. Tr. 233.

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant has the burden of establishing a prima facie case of disability by showing that severe impairments prevent the performance of past relevant work. *Tackett*, 180 F.3d at 1098-1099. Once the claimant establishes a prima facie case, the ALJ proceeds to

1  step five, and the burden shifts to the Commissioner to show (1) the claimant can
2  make an adjustment to other work and (2) the claimant can perform specific jobs
3  that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359
4  F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to
5  other work in the national economy, the claimant will be found disabled.

## ADMINISTRATIVE DECISION

On May 30, 2019, the ALJ issued a decision finding Plaintiff was disabled as of her 55th birthday, but that she was not disabled prior to that date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, January 1, 2015. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: left foot osteoarthritis, degenerative disc disease of the spine, hypertension, migraine, obesity, depressive disorder, bipolar disorder, panic disorder, general anxiety disorder, and personality disorder. Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she is able to lift/carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk (with normal breaks) six hours in an eight-hour workday and sit (with normal breaks) six hours in an eight-hour workday; she can push/pull unlimited within those exertional limitations; she can frequently climb ramps and stairs; she can never climb ladders, ropes or scaffolds; she can frequently balance, stoop, kneel, crouch and crawl; she should avoid concentrated exposure to extreme cold, noise, vibrations and workplace hazards, such as working with dangerous machinery and working at unprotected heights; she can understand, remember and carry out simple instructions; she can make judgments commensurate with the

functions of unskilled work (i.e., work which needs little or no judgment to do simple duties and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed); she can respond appropriately to supervision and co-workers and deal with occasional changes in the work environment; and she has some difficulty being in work that requires frequent general public contact but could work one on one with the public in person or via telephone. Tr. 23.

At step four, the ALJ found Plaintiff was not able to perform her past relevant work as a parts manager, auto parts clerk, accounting clerk, fertilizer spreader, or service estimator. Tr. 31.

At step five, the ALJ noted Plaintiff turned age 55 on October 31, 2018, and her age category changed to an individual of advanced age. Tr. 31. The ALJ applied the grids (Rule 202.06) to find Plaintiff disabled as of October 31, 2018, based on her age category change. Tr. 33. However, prior to October 31, 2018, Plaintiff's age category was that of an individual closely approaching advanced age (age 50-54). The ALJ determined that, prior to October 31, 2018, and based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of office helper, mail room clerk and marking clerk. Tr. 31-32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act from February 3, 2017, the disability application date, through October 31, 2018, but became disabled on October 31, 2018, and continued to be disabled through the date of the ALJ's decision, May 30, 2019. Tr. 33.

///
///
///

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raised the following issues for review: (1) Did the ALJ err in improperly rejecting the November 2016 DSHS opinion of Plaintiff's medical provider regarding Plaintiff's physical limitations; (2) Did the ALJ err in failing to meet his duty to develop the record; and (3) Did the ALJ err in rejecting the opinions of Ms. Sjostrom and Dr. Genthe regarding Plaintiff's mental limitations? ECF No. 13 at 4-20.

## DISCUSSION

Plaintiff first contends the ALJ erred by rejecting the November 2016 DSHS evaluation regarding her physical capacity. ECF No. 13 at 4.

Defendant responds that the ALJ correctly determined the report was inconsistent with observations made during the examination, relied on Plaintiff's self-reported symptoms, conflicted with other medical reports of record and was inconsistent with Plaintiff's daily activities. ECF No. 14 at 3-5. Defendant argues the ALJ properly gave more weight to the opinion of non-examining physician Debra Baylor, M.D. ECF No. 14 at 5-6.

On November 15, 2016, Plaintiff presented to Jill Simon, M.D., for a DSHS evaluation. Tr. 345-348, 393-395. It was noted Plaintiff's primary care provider was Arlene Johnson, PA-C, Tr. 348, 394, but because Ms. Johnson was on maternity leave at the time of the evaluation, Tr. 346, Plaintiff was examined by Dr. Simon, Tr. 348 ("Electronically signed by Jill Simon on 11/15/2016 at 1:14 PM"), 395.

Dr. Simon completed the DSHS evaluation, Tr. 345-348, 393-395, and noted Plaintiff's impairments as bipolar disorder, headaches/migraines, and back pain, Tr. 346. She wrote that Plaintiff's abilities to sit, stand, lift, and carry were

moderately affected and opined Plaintiff was limited to sedentary work.  Tr. 348.  On a WorkFirst Documentation Request Form, Dr. Simon indicated Plaintiff's bipolar disorder, degenerative disc disease, and migraines limited Plaintiff's ability to work, look for work or prepare for work and that Plaintiff would be restricted to working only 1-10 hours per week.  Tr. 393.  Consistent with her written report, Tr. 348, Dr. Simon checked a box indicating Plaintiff would be restricted to sedentary exertion level work, Tr. 394.

The ALJ accorded "little weight" to the report of Dr. Simon.  Tr. 29.  The ALJ found Dr. Simon's opinion inconsistent with her own observation of Plaintiff during the examination and the record as a whole, including Plaintiff's presentations at other examinations, her course of treatment, her own statements of improved symptoms with treatment, and her reported activities of daily living.  Tr. 29.  Instead, the ALJ indicated the July 2017 opinion of state agency reviewing physician Debra Baylor, M.D., finding Plaintiff restricted to light exertion level work, Tr. 111-113, was more consistent with the record and was entitled to "great weight" with respect to Plaintiff's physical capacity, Tr. 29.

Nevertheless, Dr. Simon is identified as at least an examining physician, *see* Tr. 348 (noting the DSHS evaluation was Dr. Simon's third visit with Plaintiff), and Dr. Baylor is a nonexamining medical professional.  In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources:  treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.  The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that

1 justifies the rejection of the opinion of either an examining physician or a treating
2 physician." *Lester*, 81 F.3d at 830.
3    While the ALJ's decision directs attention to various medical records with
4 observations that Plaintiff appeared in no acute distress, had normal physical
5 findings, performed some activities of daily living and periodically noted feeling
6 better, Tr. 29, these records do not undermine Dr. Simon's findings, upon
7 examination, that Plaintiff was limited to sedentary exertion level work.
8 Furthermore, in support of Dr. Simon's examination opinions, other medical
9 reports of record reveal exacerbations of her symptoms and continuous issues with
10 migraines and foot and back pain, Tr. 354, 357, 381, 419, 536-538, 597-599, 616,
11 619.  The Court also finds Dr. Simon's report is not internally inconsistent.
12 Consequently, the ALJ failed to provide legally sufficient reasons for according
13 little weight to the November 2016 DSHS evaluation.  Moreover, the ALJ did not
14 cite any medical source opinion evidence, other than nonexamining physician
15 Baylor, in support of his conclusion that Plaintiff was limited to light exertion level
16 work. *See Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a
17 nonexamining doctor's opinion "with nothing more" does not constitute substantial
18 evidence).  After reviewing the record, and based on the foregoing, the Court finds
19 the ALJ erred by rejecting the opinion of examiner Simon in favor of the report of
20 nonexamining physician Baylor.
21    If an ALJ improperly rejects testimony regarding limitations, and the
22 claimant would be disabled if the testimony were credited, the matter should not be
23 remanded solely to allow the ALJ to make specific findings regarding that
24 testimony; the testimony should be credited as a matter of law.  *See Lester*, 81 F.3d
25 at 834.  The Ninth Circuit has set forth a three-part standard for determining when
26 to credit improperly discounted evidence as true:  (1) the record has been fully
27 developed and further administrative proceedings would serve no purpose; (2) the
28 ALJ has failed to provide legally sufficient reasons for rejecting the evidence in

question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014).

Here, the Court finds the ALJ failed to provide sufficient reasons for rejecting Dr. Simon's opinion that Plaintiff was limited to sedentary exertion level work, the record is sufficiently developed with respect to Plaintiff's physical limitations and, given Plaintiff's age category of an individual closely approaching advanced age (age 50-54), restriction to sedentary work and not having transferable job skills, Tr. 31-32, a finding of disabled is directed under the framework of Grid Rule[1] 201.14. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Further proceedings would serve no purpose.

Having determined the weight of the record evidence supports application of the Grids to conclude Plaintiff is disabled at step five of the sequential evaluation process, the Court need not address Plaintiff's assertions regarding the ALJ's duty

---

[1]The Grids are published tables and administrative rules that can be used in certain cases to "direct[ ] a conclusion as to whether the individual is or is not disabled." 20 C.F.R. pt. 404, Subpt. P, app. 2 § 200.00(a). The Grids aid the ALJ in the analysis by presenting "a short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114-1115 (9th Cir. 2006) (citing *Tackett*, 180 F.3d at 1101). The Grids include three separate tables representing the maximum sustained exertional work capacity in each category of sedentary, light, and medium work. *Id*. A claimant's place on the applicable table depends on a matrix of four factors: a claimat's age, education, previous work experience, and physical ability. *Id*. "For each combination of these factors, [the Grids] direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." *Id.*

to develop the record or the ALJ's consideration of the opinions of Ms. Sjostrom and Dr. Genthe pertaining to Plaintiff's mental health.

## CONCLUSION

Based on the foregoing, the Court finds the ALJ's determination that Plaintiff could perform other work existing in substantial numbers in the national economy prior to October 31, 2018 is not supported by substantial evidence. The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand for additional evidence is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

As discussed above, the record is adequate for a proper determination to be made and further development is not necessary. The ALJ erred by rejecting the opinion of examining physician Simon and by instead according weight to the opinion on nonexamining physician Baylor. *Supra*. After crediting Dr. Simon's opinion that Plaintiff was limited to sedentary exertion level work, application of the Grids directs a conclusion that Plaintiff was disabled. Accordingly, this case shall be reversed and remanded for an immediate award of benefits.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security for an immediate award of benefits.

///

///

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered in favor of PLAINTIFF** and the file shall be **CLOSED**.

DATED April 23, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE